UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:21-CV-00066 PLC |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on "Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)" [ECF No. 30] and "Plaintiff's Attorney's Amended Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)" [ECF No. 39]. Defendant opposed counsel's original request for attorney's fees in the amount of $36,014.25. [ECF No. 35] Following a hearing, Plaintiff's counsel filed her amended motion reducing the amount of fees requested to $27,010.69. [ECF No. 39] Defendant has not filed a response to Plaintiff's counsel's request and the time to do so has passed. Based on the following, the Court denies Plaintiff's counsel's Motion for an Award of Attorney Fees [ECF No. 30] as moot and grants Plaintiff's counsel's Amended Motion for an Award of Attorney Fees [ECF No. 39].

**I.     Procedural Background**

In April 2021, Plaintiff filed this action for judicial review of Defendant's final decision denying Plaintiff's application for Disability Insurance Benefits (DIB). [ECF No. 1] In November 2021, Plaintiff filed his Statement of Uncontroverted Material Facts and his brief in support of his

1

complaint. [ECF Nos. 16 & 16-1]  In February 2022, Defendant filed a motion to reverse the ALJ's decision and remand the action to Defendant for further consideration. [ECF No. 22]

On February 28, 2022, the Court issued a judgment, and memorandum and order granting Defendant's unopposed motion to reverse the ALJ's decision and remanded the matter to Defendant for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [ECF Nos. 23 & 24] Thereafter, the Court awarded counsel fees pursuant to the Equal Access to Justice Act (EAJA), 42 U.S.C. § 2412, in the amount of $4,251, which represented 19.5 attorney hours at a rate of $218.00 per hour. [ECF Nos. 25, 25-1, 28]

Following this Court's remand, the ALJ issued Plaintiff a "Fully Favorable Decision," and the Social Security Administration (SSA) awarded Plaintiff $172,857.00 in past due benefits under the Social Security Act.  [ECF No. 24-1] The SSA withheld twenty-five percent of the past-due benefits, or $43,214.25, and distributed $7,200 of that amount to Plaintiff's counsel for her work at the administrative level. [ECF No. 30-4] See 42 U.S.C. §406(a).

In her original motion, Plaintiff's counsel sought the remaining $36,014.25 withheld by the SSA from Plaintiff's award of past-due benefits. [ECF Nos. 30 & 30-1].  Defendant opposed counsel's motion, arguing the request would constitute "an unreasonable windfall under the circumstances."  [ECF No. 35] Specifically, Defendant asserted that counsel's requested fee of $36,014.25 for 19.5 hours of work litigating before this Court, or an effective rate of $1,846.88 per hour, was unreasonable because the case was not unusually complex, voluminous, or difficult. [ECF No. 35]

On July 11, 2023, the Court conducted a hearing on counsel's motion. [Docket Entry No. 38] Following the hearing, and after conferring with Defendant's counsel, Plaintiff's counsel filed

2

her Amended Motion for Attorney Fees reducing the amount of fees requested to $27,010.69. [ECF No. 39]

## II. Legal Standard

Section 406(b) of the Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). Fees awarded pursuant to Section 406(b) are paid out of, and not in addition to, the claimant's past due benefits. Id.

The Supreme Court has held that "§ 406(b) does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Instead, Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id.

"[T]he attorney for the successful claimant must show the fee sought is reasonable for the services rendered." Id. When considering the reasonableness of the requested fees, a court should examine the contingent-fee agreement, test the agreement for reasonableness, and reduce the fee, if necessary "based on the character of the representation and the results the representative achieved." Id. at 808. Factors the Court may consider are: (1) the quality of representation relative to the results achieved; (2) any delay attributable to the attorney; and (3) the size of the benefit counsel receives compared to the amount of time spent on the case. See id. As such, the Court can consider "not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing

3

the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." Id. Additionally, where a plaintiff was previously awarded attorney fees under the EAJA, counsel must offset any Section 406(b) award by refunding the smaller fee. Id. at 796.

### III.   Discussion

   A. Plaintiff's Counsel's Motion for An Award of Attorney Fees Under 42 U.S.C. § 406(b)

On February 15, 2023, counsel filed a Motion for an Award of Attorney Fees Under 42, U.S.C. § 406(b). [ECF No. 30]  Defendant filed a memorandum in opposition to counsel's motion. [ECF No. 35] On July 11, 2023, following a hearing on the motion, Plaintiff's counsel filed her Amended Motion, therein reducing the amount of her request for attorney fees. [ECF No. 39] Because counsel's July 11, 2023 Amended Motion supersedes her February Motion, Counsel's February Motion for an Award of Attorney Fees [ECF No. 30] is denied as moot. See In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) (an amended complaint supersedes an original complaint, rendering it without legal effect).

   B. Plaintiff's Counsel's Amended Motion to An Award of Attorney Fees Under 42 U.S.C. § 406(b)

In the Amended Motion, Plaintiff's counsel seeks fees in the amount of $27,010.69[1], approximately 19.79 percent of Plaintiff's past-due benefits less the $7,200.00 fee paid for counsel's work before the SSA. [ECF No. 39]  In support of her motion, Plaintiff's counsel submitted, among other things, the Notice of Award letter from the SSA, a copy of the fee agreement signed by Plaintiff, and an itemized description of the time Plaintiff's counsel spent on the case before this Court.  [ECF Nos. 39-3, 39-5, 39-6]

---

[1] Counsel's Amended Motion reduced the attorney's fees request by $9,003.56, which represents "a 25% reduction from the original amount requested ($36,014.25 - $9,003.56)" [ECF No. 39] for her work performed before the Court but is only a 5.21 percent reduction of the total amount of fees sought.

Plaintiff's counsel maintains that she "devoted a considerable amount of time and careful attention to Plaintiff's case[,]" spending a total of 19.5 hours litigating the case before the Court, which included approximately 16 hours preparing the brief in support of the complaint and the statement of uncontroverted material facts. [ECF No. 39-1] Counsel argues the requested fee of $27,010.69 is reasonable because it "reflects the contingent nature of the recovery" and accounts for the "significant risk of loss" in Social Security disability benefit cases. [ECF No. 39-1] Specifically, Plaintiff's counsel contends an attorney needs to charge a "winning client…2.7 times…the fee the attorney would have charged a client paying on a non-contingent basis" because "claimants who go to court ultimately prevail about 36%...of the time."[2] [ECF No. 39-1] Plaintiff's counsel argues a downward adjustment of the contract fee is not appropriate in this case because "the benefits obtained—$172,857.00—and the 42 U.S.C. §406(b) fee requested—$27,010.69 — are not 'large in comparison to the amount of time counsel spent on the case.'" [ECF No. 39-1] Plaintiff argues the "effective hourly rate of $1,385.16" is equal to an "equivalent hourly rate of $494.70" "when factored by 2.8 to reduce it to an equivalent hourly rate of non-contingent work based on the statistical likelihood of approval[.]" [ECF No. 39-1]  Defendant has not filed a response to Plaintiff's counsel's Amended Motion reducing the amount of fees requested.

Although the effective hourly rate is high, it reflects the contingent nature of the fee and counsel's attainment of a fully favorable decision for her client.[3] Plaintiff's counsel is requesting less than the statutory limit of twenty-five percent of the total past-due benefits and the record does

---

[2] Counsel cites to statistics from the Social Security Advisory Board in support of her assertion that claimants prevail in approximately 36% of cases.

[3] Plaintiff filed his application for DIB in July 2017. (Tr.  10). Plaintiff initially alleged his onset date of disability as January 2007, which he subsequently amended to July 2012. (Tr.  10) The remoteness of Plaintiff's alleged onset disability date potentially enhanced the difficulty of the case and counsel's risk of loss. However, Plaintiff's delay in filing for benefits resulted in an accrual of benefits which increased the recovery.

5

not reflect any unreasonable delay on the part of Plaintiff's counsel. After reviewing the record, the Court finds that the Section 406(b) fee request in Plaintiff's Counsel's Amended Motion is reasonable. The Court will therefore award Plaintiff's counsel attorney fees under Section 406(b) in the amount of $27,010.69.

## IV. Conclusion

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's counsel's Motion for an Award of Attorney Fees [ECF No. 30] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's counsel's Amended Motion for an Award of Attorney's Fees [ECF No. 39] is **GRANTED**. Plaintiff's counsel is awarded attorney fees under 42 U.S.C. § 406(b) in the amount of $27, 010.69.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund Plaintiff the amount of $4,251.00 previously awarded under the EAJA.

_/s/ Patricia L. Cohen_
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of August, 2023